UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| IN RE: ) | | |
| **John J. Lawlor** ) | | Case No. 04-11018 |
| Debtor. ) | | |
| _____ | | |
| **John J. Lawlor, et al.,** ) | | |
| Plaintiff, ) | | Adversary Proceeding No. 04-01060 |
| ) | | |
| v. ) | | |
| ) | | |
| **Chittenden Trust Company d/b/a** ) | | |
| **Mortgage Service Center**, ) | | |
| Defendant. ) | | |

## **ANSWER AND AFFIRMATIVE DEFENSES**

### **Answer**

Defendant answers the Complaint to Determine Nature, Extent and Validity of Liens as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted that Defendant "holds a mortgage dated January 23, 2003." Otherwise, states a legal conclusion to which no response is required.

7. States a legal conclusion to which no response is required.

8. States a legal conclusion to which no response is required.

## Affirmative Defense – Mortgage by Subrogation

1. The Debtor and Barbara Jean Nottell purchased the property at 234 Darby Hill Road in Rockingham, Vermont (the "Property"), as joint tenants with right of survivorship, from Charles W. Houghton, who executed and delivered to them a warranty deed dated May 9, 2002 and recorded in Volume 254, Page 858 of the Town of Rockingham Land Records.

2. On May 5, 2000, the Debtor and Barbara Jean Nottell executed and delivered to Conseco Finance Servicing Corp. a Mortgage Deed which was recorded on May 9, 2000 in Volume 254, Page 860 of the Town of Rockingham Land Records. Upon information and belief, this was a purchase money mortgage for the Property, together with a mobile home situated thereon.

3. As alleged in the Complaint, on January 23, 2003, the Debtor and Barbara Jean Nottell executed and delivered to the Defendant the Mortgage which secured an obligation in the original principal amount of $112,000.00. As indicated on the settlement statement attached as Exhibit A, a portion of the proceeds of this loan was used to refinance the then existing mortgage to Conseco Finance Servicing Corp., which was subsequently discharged on March 14, 2003.

4. Because a portion of the proceeds of the Mortgage were used to discharge the Conseco Finance Servicing Corp. mortgage, the Mortgage is subrogated to the Conseco Finance Servicing Corp., and to that extent takes priority over any avoiding powers of the Plaintiff.

WHEREFORE, Defendant requests (a) judgment in its favor, or in the alternative (b) dismissal of the Complaint, (c) applicable costs of defense, and (d) such other relief as the Court deems appropriate.

Dated: December 9, 2004.

                                                                   CHITTENDEN BANK

By:    /s/ Douglas J. Wolinsky
        Douglas J. Wolinsky, Esq.
        Eggleston & Cramer, Ltd.
        P.O. Box 1489
        Burlington, VT 05402-1489
        (802) 864-088-
        FED BAR ID #000462076