*Formatted for Electronic Distribution*                                                                                             *Not For Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

**In re:**

**JOHN J. LAWLOR and**                                                              Chapter 13 Cases
**BARBARA JEAN NOTTELL,**                                                 # 04-11018
        Debtors.                                                                          # 04-11019

_____

**JOHN J. LAWLOR, BARBARA JEAN NOTTELL**
**and JAN M. SENSENICH, CHAPTER 13 TRUSTEE**
**OF THE ESTATES OF JOHN J. LAWLOR and**
**BARBARA JEAN NOTTELL,**
        Plaintiffs,
        v.                                                                                              Adversary Proceeding
                                                                                                    # 04-1060

**CHITTENDEN TRUST CO. d/b/a**
**MORTGAGE SERVICE CENTER,**
        Defendant.

_____

*Appearances:*  Michelle Kainen, Esq.          Jan M. Sensenich, Esq.         Shireen T. Hart, Esq.
                      White River Junction, Vt.       White River Junction, Vt.       Eggleston & Cramer, Ltd.
                      *For the Plaintiffs/Debtors*     *For the Chapter 13 Trustee*    Burlington, Vt.
                                                                                      *For the Defendant*

## MEMORANDUM OF DECISION
### GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

      Plaintiffs John J. Lawlor ("Lawlor"), Barbara Nottell ("Nottell" and collectively with Lawlor, the "Debtors") and Jan M. Sensenich in his capacity as Chapter 13 Trustee for the Debtors' estates (the "Trustee") initiated the instant adversary proceeding on September 21, 2004, to determine the validity of the mortgage lien of Chittenden Trust Co. d/b/a Mortgage Service Center (the "Defendant"). The Debtors and the Trustee (the "Plaintiffs") seek to avoid the Defendant's mortgage on the Debtors' homestead based on the undisputed fact that the Defendant's mortgage lacks the signature of a witness, as required by 27 V.S.A. §341. The Defendant contends that its mortgage is valid and enforceable based upon the theory of equitable subrogation, asserting that because the proceeds of the Defendant's loan were used to pay the Debtors' prior mortgage, the Defendant "stands in the shoes" of the prior mortgagee, and thus assumes the attributes of a fully perfected, first priority mortgagee. For the reasons set forth below, the Court finds that summary judgment is appropriate in this proceeding and that the Plaintiffs are entitled to judgment as a matter of law.

## JURISDICTION

The Court has jurisdiction over this adversary proceeding and the Plaintiffs' motion for summary judgment under 28 U.S.C. §§ 157(b)(2)(K) and 1334(b).

## BACKGROUND FACTS

The material facts are not in dispute. The Debtors purchased property at 234 Darby Hill Road in Rockingham, Vermont (the "Property") as joint tenants with right of survivorship, by warranty deed dated May 9, 2002. The deed is properly recorded in the Town of Rockingham land records. (Stip. Statement of Facts (doc. #22) ¶6). On January 23, 2003, the Debtors executed a mortgage in favor of the Defendant in the principal amount of $112,000, recorded at Book 271, Page 666, of the Town of Bellows Falls land records (the "Defendant's Mortgage"). (Stip. Statement of Facts (doc. #22) ¶7). There is no witness signature next to the Debtors' signatures on the Defendant's Mortgage. (Stip. Statement of Facts (doc. #22) ¶9). A portion of the proceeds from the Defendant's Mortgage was used to satisfy the then existing mortgage to Conseco Finance Servicing Corp. (the "Conseco Mortgage"), and the Conseco Mortgage was discharged on March 14, 2003. (Stip. Statement of Facts (doc. #22) ¶8).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material. See id. The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004), cert. denied, ___ U.S. ___, 125 S.Ct. 2924 (2005) ; Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990), cert. denied, 500 U.S. 928 (1991).

## DISCUSSION

A.  **Summary Judgment is Proper.**

The parties have stipulated that none of the material facts are in dispute. The Court agrees that all facts material to the determination of the validity of the Defendant's Mortgage are contained in the Stipulation of Undisputed Facts (doc # 22) (the "Stipulation"). Therefore, summary judgment is proper.

2

**B.     The Defendant's Mortgage is Defective under Vermont Law.**

It is undisputed that the Defendant's Mortgage lacks a witness signature and thus is defective under Vermont law as in effect prior to November 1, 2004. See 27 V.S.A. §341. Such a mortgage fails to impart constructive notice to a subsequent purchaser. The Plaintiffs seek to avoid the Defendant's Mortgage under § 544(a) which affords the Trustee hypothetical lien creditor status.[1] This Court has recognized that defective mortgages can be avoided under §544(a). See, e.g., In re Orf, No. 90-00581, A.P. No. 90-0066, slip op. (Bankr. D.Vt. May 11, 1991) ("The language of [27 V.S.A. § 341] leaves no room for doubt that what is required of witnesses to a deed is their signatures as witnesses, not merely to be present at the signing of a deed."); Dion v. P.B. Investment Corp. (In re Dion), 2002 WL 32059029, *2 (Bankr. D. Vt. 2002).

Last year, the Vermont legislature amended 27 V.S.A. §341 to treat all mortgage deeds as valid, even if they would have been invalid due to a lack of witnesses under prior law, unless certain enumerated circumstances exist. The amended statute categorically validates all mortgage deeds retroactively, unless either (i) the mortgage had been determined to be invalid by a court order prior to November 1, 2004, or (ii) the validity of such mortgage was being challenged by a lawsuit initiated prior to November 1, 2004. It is undisputed that the Plaintiffs initiated this adversary proceeding challenging the validity of the Defendant's Mortgage prior to November 1, 2004. Accordingly, the Court finds that the Defendant's Mortgage is not automatically validated by the amendment to 27 V.S.A. §341 and since one of the itemized exceptions has been established, the burden is on the Defendant to demonstrate the validity of its mortgage.

**C.     The Doctrine of Equitable Subrogation Does Not Validate the Defendant's Mortgage.**

The Defendant argues that because the Debtors used the proceeds of its mortgage loan to satisfy the Conseco Mortgage, the Defendant stands in the shoes of the prior mortgagee under the doctrine of equitable subrogation and, hence, the lack of a signature on the Defendant's Mortgage does not extinguish the validity of that mortgage (Opp. at 2).

*1.     Equitable Subrogation Does not Apply to the Facts at Hand.*

Equitable subrogation arises in equity to prevent fraud or injustice and usually arises when (1) the paying party has a liability, claim or fiduciary relationship with the debtor; (2) the party pays to fulfill a legal duty or because of public policy; (3) the paying party is a secondary debtor, (4) the paying party is a surety; or (5) the party pays to protect its own rights or property. BLACK'S LAW DICTIONARY 1440-41 (7th ed. 1999). The Defendant has not demonstrated that any of these circumstances exist here.

---

[1] Unless otherwise indicated, statutory references herein are to the United States Bankruptcy Code in effect prior to October 17, 2005, since this case was filed prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act.

3

The Defendant has presented no Vermont case law to support its proposition that a mortgagee that has failed to comply with the state law formalities for mortgage execution can "save" its mortgage through the principles of equitable subrogation solely because it generated the funds needed to satisfy a previous, and now discharged, mortgage. The Court finds the cases the Defendant relies upon to be distinguishable from the facts and legal issue at hand. See generally, Norfolk & Dedham Fire Inc. Co. v. Aetna Casualty & Surety Co., 132 Vt. 341, 343 (1974) (finding equitable subrogation proper in an insurance context); U.S. v. Munsey Trust Co., 332 U.S. 234, 242 (1947) (recognizing that receivership is, by nature, subrogation); U.S. v. Baran, 996 F.2d 25, 28-89 (2d Cir. 1993) (addressing subrogation in a lien priority dispute). The only case that the Defendant cites that both applies Vermont law and addresses the scope and applicability of equitable subrogation is Norfolk & Dedham Fire Inc. Co. v. Aetna Casualty & Surety Co., 132 Vt. 341 (1974). There, the Vermont Supreme Court said:

> Subrogation is an equity called into existence for the purpose of enabling a party secondarily liable, but who has paid the debt, to reap the benefit of any securities or remedies which the creditor may hold against the principal debtor and by the use of which the party paying may thus be made whole. It is a doctrine which has particular approval in Vermont as between insurer and insured. Subrogation arises when one man is compelled to pay a debt for which another is primarily liable and which, in good conscience, should have been discharged by the latter. Subrogation is an equity creature akin to and derived from the law of unjust enrichment and restitution. The general rule is that an obligor or insurer making a payment for which it is not liable is making a 'voluntary' payment and cannot be subrogated. Although the general rule has not been applied specifically to insurance law by Vermont, the rule is applied in Vermont to general equitable rights of subrogation and restitution.

132 Vt. at 343-344 (internal citations omitted). The Vermont Supreme Court did not rule, or even suggest, that equitable subrogation should be available to provide a mortgagee who recorded a mortgage that was legally deficient under state law with an alternate vehicle for obtaining secured status. Nor has the Defendant pointed to any language in the relevant statute, 27 V.S.A. §341, or its legislative history, that supports the concept that there are any alternative ways to validate a mortgage that fails to comply with the statute. Since 27 V.S.A. §341 is clear on its face and renders the Defendant's Mortgage invalid, and the Defendant has not presented any Vermont law to restore the validity of the Defendant's Mortgage, the Court finds that there is no basis in Vermont law to determine that the Defendant's Mortgage is valid.

The Defendant argues, in the alternative, that resurrecting its mortgage through equitable subrogation is "consistent with the Bankruptcy Code, which expressly recognizes the utility and appropriateness of subrogation in cases where a non-volunteer steps in to pay a debt primarily owed by the Debtor." (doc. # 31, p. 4). This argument ignores the fact that the Defendant made the loan of its own

4

volition in reliance upon its mortgage.[2] The defective execution of the mortgage does not transform this voluntary transaction into an involuntary one. The Court finds there is no basis in the Bankruptcy Code to find that equitable subrogation can resurrect the Defendant's Mortgage or that the Defendant's payment of the Conseco Mortgage protects the Defendant from the consequences of its deficient mortgage execution, reinstates the Conseco Mortgage in the name of the Defendant or remedies the defects in the Defendant's Mortgage.

    **2.**    ***27 V.S.A. §341, as Amended, is Constitutional.***

Lastly, the Defendant argues that 27 V.S.A. §341, as amended, puts all bona fide purchasers on notice that previously defective mortgages could evolve into enforceable mortgages if not challenged by a set period of time and to hold otherwise could be unconstitutional. As this Court has previously held, 27 V.S.A. §341, as amended, serves a rationale legislative purpose, and the legislature's establishment of dates by which allegedly defective must be challenged also serves a rational legislative purpose. See In re Fifield, No. 04-10867, *3 (Bankr. Vt. filed June 20, 2005) (doc. # 61). While it is correct that notice is essential, the Defendant's conclusion is flawed. The amendment to 27 V.S.A. §341 put all parties on notice of two circumstances: (1) mortgages that were defective under the prior law could be converted into valid mortgage simply by the passage of time, and (2) allegedly defective mortgages were subject to avoidance if an action was commenced, or a determination made, within the prescribed time period. This Court has specifically found that the legislature's inclusion of a four-month window for a party to challenge the validity of a mortgage that was defective under the prior version of the statute adds to the rationality of the legislation and does not create a windfall for the Trustee. See id. The fact that the Plaintiffs availed themselves of this window of opportunity to challenge the Defendant's Mortgage does not diminish the strength of the Plaintiff's argument or diminish the Defendant's burden of proof in establishing the validity of its mortgage. The Court finds the subject statute is constitutional, the Defendant did not lack notice of the consequences and opportunities presented by the statute, and there is no due process prohibition against the Trustee avoiding defective mortgages if done in compliance with 27 V.S.A. §341.

## **CONCLUSION**

The Court finds that the parties have stipulated to all of the material facts, that there is no material dispute as to any genuine fact, and therefore, on the procedural issue, that summary judgment is proper. Upon consideration of the papers submitted by the parties, the Court finds, on the merits, that (1) the Defendant's Mortgage does not meet the criteria established by Vermont law [27 V.S.A. § 341] for a valid

---

[2] If the Court were to adopt the Defendant's reasoning, the Defendant's Mortgage would be superfluous; there would be no need for a separate mortgage so long as the second mortgagee could rely on the first mortgage of record. It would essentially create an assignment of the first mortgage without an assignment document, while leaving both mortgages of record. This would frustrate not only the Vermont recording statute, but also the fundamental principles of secured transactions.

mortgage; (2) the Defendant has failed to establish that the doctrine of equitable subrogation renders the Defendant's Mortgage valid, under either Vermont law or the Bankruptcy Code, and (3) the Trustee has the right, under the strong arm powers of §544(a), to avoid the Defendant's Mortgage. Accordingly, the Court finds that Plaintiffs are entitled to judgment as a matter of law and the Defendant's Mortgage is void.

/s/ Colleen A. Brown

December 15, 2005                                              Colleen A. Brown
Rutland, Vermont                                               United States Bankruptcy Judge

6