UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF VERMONT

Filed & Entered
On Docket
03/30/06

| | | |
|---|---|---|
| IN RE: | ) | |
| **JOHN J. LAWLOR AND BARBARA JEAN NOTTELL,** | ) ) | Chapter 13 Cases<br>#04-11018 |
| **Debtors.** | ) | #04-11019 |

| | | |
|---|---|---|
| **JOHN J. LAWLOR, BARBARA JEAN NOTTELL AND JAN M. SENSENICH, CHAPTER 13 TRUSTEE OF THE ESTATES OF JOHN J. LAWLOR AND BARBARA JEAN NOTTELL** | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | Adversary Proceeding No. 04-01060 |
| v. | ) ) | |
| **CHITTENDEN TRUST COMPANY D/B/A MORTGAGE SERVICE CENTER,** | ) ) | |
| **Defendant.** | ) | |

## CONDITIONAL JUDGMENT ORDER

This matter is before the Court upon consent of the parties. Accordingly,

IT IS HEREBY ORDERED as follows:

1. The Mortgage from John J. Lawlor and Barbara J. Nottell to Chittenden Trust Co. d/b/a Mortgage Service Center dated January 23, 2003, and recorded on January 31, 2003 in Volume 271, Page 666 of the Town of Rockingham Land Records (the "Mortgage"), with respect to land and premises located at 234 Darby Hill Road in the Town of Rockingham, Vermont (the "Mortgaged Premises"), is avoided pursuant to 11 U.S.C. §544, **subject to** the conditions that follow.

2. Until the Debtors have satisfied all of their obligations (collectively the "Debtor Obligations") under the Second Amended Chapter 13 Plan dated October 11, 2004 (the "Plan"),

and confirmed on April 29, 2005, and the certifications specified below (collectively the "Required Certifications") have been endorsed on this Judgment Order, avoidance of the Mortgage is conditional only, and this Judgment Order shall not be recorded in the land records of any town in the State of Vermont. The Debtor Obligations include, but are not limited to, payment of a dividend to the Defendant of not less than 40.20% of its allowed claim, in accordance with the treatment of said claim in the Plan, **notwithstanding** any rights of the Debtors to modify the Plan pursuant to 11 U.S.C. §1329.

3. If either (a) the Debtors fail to satisfy all of the Debtor Obligations or (b) pursuant to 11 U.S.C. §349(b)(3), the bankruptcy case is dismissed prior to completion of all of the Debtor Obligations, then this Judgment Order shall be null and void, and the Mortgage shall be reinstated and title to the Mortgaged Premises shall revest in the Defendant.

4. With respect to the allowed claim of the Defendant, the Debtors shall not be entitled to a discharge of said claim pursuant to 11 U.S.C. §1328(b).

5. Until the Debtors have satisfied all of the Debtor Obligations, the Debtors shall not, either voluntarily or involuntarily, transfer or encumber the Mortgaged Premises without authorization from the Bankruptcy Court, upon notice and opportunity to the Defendant.

6. Plaintiffs will not object to allowance of the two Proofs of Claim filed by the Defendant, one in the matter of *John J. Lawlor,* Case No. 04-11018, the other in the matter of *Barbara Jean Nottell,* Case No. 04-11019, each in the amount of $110,567.00, as general unsecured claims, nor will they object to an assignment of the Proofs of Claim to any subsequent transferee provided that said assignments are effectuated in accordance with the Federal Rules of Bankruptcy Procedure.[1]

---

1 Although the Defendant filed a Proof of Claim in each of the two cases, since the cases have now been

      7.    (a) In the event that this case is converted to a case under Chapter 7 of the Bankruptcy Code pursuant to the provisions of 11 U.S.C. §1307, prior to payment of a dividend to the Defendant of not less than 40.20% of its allowed claim, the Chapter 7 Trustee shall be entitled to the Required Certifications if (x) the Chapter 7 Trustee pays to the Defendant an amount equal to the difference between 40.20% of the Defendant's allowed claim and the dividend actually paid to the Defendant by the Chapter 13 Trustee, and (y) said payment is made within the latter of (i) the final date that dividends would have been paid to the Defendant under the terms of the Plan, or (ii) 90 days after the conversion to Chapter 7.

      (b) If the Chapter 7 Trustee does not complete payment of the dividend to the Defendant in compliance with paragraph 7(a) above, then this Judgment Order shall be null and void, and the Mortgage shall be reinstated and title to the Mortgaged Property shall revest in the Defendant.

      8.    This Judgment Order shall not be recorded in the land records of any town in the State of Vermont, nor shall it be effective to avoid the Mortgage referenced herein, unless and until (a) one of the two following trustee certifications is completed and signed by the Bankruptcy Trustee appointed to and currently serving in this case, and (b) the Trustee has thereafter filed this Judgment Order bearing his/her certification with the United States Bankruptcy Court for the District of Vermont, and has obtained approval for recording from the bankruptcy Judge then presiding (the two preceding requirements collectively referred to as the "Required Certifications").

---

consolidated, the Plaintiffs may consider the Proofs of Claim consolidated as well since they represent the same obligation of the Debtors to the Defendant.

3

Dated: March 30, 2006.

_____
Hon. Colleen A. Brown, U.S. Bankruptcy Judge


## CERTIFICATION OF THE CHAPTER 13 TRUSTEE

  I, _____, Chapter 13 Standing Trustee for the District of Vermont, hereby certify that the Debtors referenced above have completed their Chapter 13 Plan and that the above-named Defendant has been paid its dividend of not less than 40.20% of its allowed claim.

_____    _____
Dated    Chapter 13 Trustee


STATE OF VERMONT
_____ COUNTY, SS.

  At _____, in said County, on the ____ day of March, 2006, personally appeared _____, Chapter 13 Trustee and he/she acknowledged this instrument by him/her, sealed and subscribed, to be his/her free act and deed.
  ]
  Before me,

                _____
                Notary Public    Expiration


## CERTIFICATION OF THE CHAPTER 7 TRUSTEE

  I, _____, Chapter 7 Trustee for the above estate, hereby certify that on _____ this case was converted to a case under Chapter 7 of the Bankruptcy Code, that I was appointed Chapter 7 Trustee on _____, and that I have verified that the aggregate of payments made by the Chapter 13 Trustee and additional payments made by me as Chapter 7 Trustee have yielded the dividend to the above-named Defendant of not less than 40.20% of its allowed claim.

_____    _____
Dated    Chapter 7 Trustee

4

STATE OF VERMONT
_____ COUNTY, SS.

    At _____, in said County, on the ____ day of March, 2006, personally appeared _____, Chapter 7 Trustee and he/she acknowledged this instrument by him/her, sealed and subscribed, to be his/her free act and deed.

    Before me,

                                                            _____
                                                            Notary Public             Expiration

## ORDER AUTHORIZING RECORDATION

    Based upon the Certification of the Chapter 13/Chapter 7 Trustee above, it is hereby ordered that this Conditional Judgment Order is no longer conditional, and may be recorded in the Town of Northfield Land Records.

    Dated: _____, 2006.

                                                   _____
                                               Judge, United States Bankruptcy Court for the
                                               District of Vermont

dwolinsky\CB Lawlor-Nottell\AP Pleadings\Joined\Conditional Judgment Order